IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEBORAH RUTH SPICELAND,

    Plaintiff,

v.                                               CASE NO. 1:13-cv-00114-MP-GRJ

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

    This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 27, 2012. (Doc. 31). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.

    Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted. Plaintiff's objection that the ALJ failed to comply with the remand order relies on the mandate rule. The mandate rule only applies to "issues decided expressly or by

implication; it does not extend to issues [the] court did not address." <u>Piambino v. Bailey</u>, 757 F.2d 1112, 1120 (11th Cir. 1985). The remand order in this case did not make a ruling concerning Plaintiff's social interaction abilities. To the contrary, reconsideration of the medical evidence as required by the remand would naturally affect findings concerning Plaintiff's limitations. If the findings did not change, the ALJ was required by the remand order to use a vocational expert to determine if jobs exist in significant numbers which Plaintiff could perform that require no contact with co-workers or supervisors. But since the findings changed, and medical evidence supports the ALJ's determination that Plaintiff can have some contact with co-workers and supervisors, the ALJ properly complied with the mandate even though the hypothetical posed to the expert did not include a no contact limitation.

  Plaintiff's other objection concerns the failure of the ALJ to include Plaintiff's limitation in maintaining concentration, persistence, and pace in the hypothetical. "[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitation." <u>Winschel v. Comm'r of Soc. Sec.</u>, 631 F.3d 1176, 1180-81 (11th Cir. 2011). Here, the ALJ sufficiently accounted for Plaintiff's limitation by restricting the hypothetical to work involving "simple, repetitive tasks in a low stress environment." ALJ Decision, Doc. 12-1 at 110 (R 246). In determining the effect of

Plaintiff's limitation on her ability to work, the ALJ relied on the medical evidence of Dr. Godbey to conclude that Plaintiff "possessed *limited but satisfactory* mental abilities in remembering work-like procedures; understanding and remembering very short and simple instructions; carrying out short and simple instructions; maintaining attention for two hour segments; maintaining regular attendance and being punctual within customary, usually strict tolerances; [and] sustaining an ordinary routine without special supervision . . . ." Id. at 115 (R 251). The medical evidence supported the ALJ's findings, and the hypothetical appropriately reflected Plaintiff's limitation. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner is AFFIRMED.

**DONE AND ORDERED** this  6th  day of March, 2014

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge